**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **B.J. and A.J.**

**No. 22-0414** (Putnam County 21-JA-26 and 21-JA-27)

**MEMORANDUM DECISION**

Petitioner Father G.J.[1] appeals the Circuit Court of Putnam County's April 27, 2022, order terminating his parental, guardianship, and custodial rights to B.J. and A.J.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March of 2021, the DHHR filed a petition alleging that petitioner subjected J.C., his girlfriend's then twelve-year-old daughter, to sexual abuse, sexually inappropriate behavior, and/or sexualized grooming behavior.[3] The petition alleged that he fondled J.C.'s breast, watched her change clothes on multiple occasions, and showed her a pornographic video. Petitioner and J.C.'s mother share two children, B.J. and A.J., who were also named in the petition, which further alleged that petitioner exposed the children to domestic violence. The children's mother was listed as a nonabusing parent.

Over two adjudicatory hearings, the court heard testimony from multiple witnesses. First, the DHHR introduced testimony from the children's maternal aunt who recounted disclosures J.C. made regarding petitioner's inappropriate touching, sexualized comments, and physical violence. She further testified that J.C. feared not only for her safety, but also for the safety of her then two-year-old brother, B.J., whom J.C. claimed petitioner picked up, screamed at, and shook. Next, the

---

[1]Petitioner appears by counsel Thomas H. Peyton. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. Paul E. Stroebel appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]Child J.C. was part of the proceedings below. However, petitioner has no rights to this child, and the circuit court, accordingly, took no action in regard to J.C. when terminating petitioner's parental, custodial, and guardianship rights to his biological children. As such, J.C. is not at issue in this appeal.

DHHR introduced testimony from Erica Garcia-Palmer, a forensic interviewer qualified as an expert in the in the field of child abuse and neglect. She interviewed J.C. shortly after the child disclosed the abuse and testified that J.C. was credible and consistent in her disclosures, ultimately opining that she believed the child had been subjected to the disclosed sexual abuse. Petitioner's counsel objected to this testimony on the grounds of hearsay and improper opinion evidence, but the objections were overruled. Lastly, Child Protective Services worker Jessica Tice testified that the disclosures J.C. made to her were consistent with those made to the child's family and Ms. Garcia-Palmer. Petitioner did not testify, but his counsel introduced testimony from the children's mother who claimed that she had not witnessed any indicators of sexual misconduct by petitioner and suggested J.C. may have fabricated the claims out of anger after learning that her mother was pregnant with A.J. Upon cross-examination, however, the mother admitted that J.C.'s behavior did not change after finding out about the pregnancy and that J.C. never recanted any of the claims.

In October of 2021, the court, by order, adjudicated petitioner as an abusing parent, finding by clear and convincing evidence that petitioner intentionally exposed J.C. to pornography and to sexually explicit comments, subjected her to emotional and mental injury, engaged in sexual grooming, and subjected her to sexual abuse by intentionally touching her breast. The court further found that petitioner subjected J.C. and B.J. to domestic violence and that both B.J. and A.J. were at risk of being abused and were abused children under state law. Although the court relied on the entirety of the record in reaching these conclusions, it gave deference to Ms. Garcia-Palmer's expert testimony.

At disposition, petitioner introduced testimony from his therapist and his mother, both of whom stated that they had not witnessed any aggressive behavior by petitioner. Lastly, petitioner testified that, although he voluntarily surrendered to a forensic psychological evaluation, parenting classes, and drug screening, he sought no treatment for sexual abuse, domestic violence, or physical abuse because none had occurred. Petitioner's counsel moved for a post-adjudicatory improvement period. The court denied the motion, finding that petitioner did not qualify for a post-adjudicatory improvement period as he failed to acknowledge any wrongdoing. The DHHR moved to terminate petitioner's parental rights; the guardian and counsel for the children's mother joined in the motion. The court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and that termination was in the children's best interests. In support of these findings, the court reiterated that petitioner intentionally subjected J.C. to sexual abuse and sexualized grooming behavior; engaged in domestic violence; was presently unwilling and/or unable to provide adequately for the needs of the children; and did not acknowledge any wrongdoing. Accordingly, the court terminated petitioner's parental, guardianship, and custodial rights to B.J. and A.J.[4] and denied post-termination visitation.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). We initially turn to petitioner's specific arguments

---

[4] The mother was deemed a nonabusing parent. The permanency plan for B.J. and A.J. is to remain in the care of the nonabusing parent.

[5] The court also ordered petitioner not to have contact with the J.C.

regarding adjudication.[6] First, petitioner contends that the circuit court erred in allowing the forensic interviewer to testify regarding J.C.'s out-of-court statements, asserting that testifying would not have caused psychological harm to the child. We find no error. Rule 8 of the Rules of Procedure for Child Abuse and Neglect Proceedings establishes "a rebuttable presumption that the potential psychological harm to the child outweighs the necessity of the child's testimony." Although petitioner now argues that testifying would not have caused psychological harm to the child because she already testified in his criminal case,[7] no such argument was made during the adjudicatory hearing where the forensic interviewer testified. Accordingly, petitioner abdicated his responsibility to rebut the presumption. Petitioner further seeks to invalidate admission of the interviewer's testimony because the circuit court did not make a finding on whether the potential psychological harm to the child outweighed the necessity of her testimony. Again, however, petitioner made no objections on this specific ground during the hearing, so the court had no occasion to make such a finding on the record. While it is true that petitioner's counsel objected to the interviewer's testimony on hearsay grounds, it is unnecessary to address petitioner's specific argument regarding hearsay because Rule 8 clearly permits the introduction of "equivalent evidence," which in this case is the recorded forensic interview and the testimony of the person who conducted it. Here, the child's testimony was wholly unnecessary because of the comprehensive nature of both the interview and the interviewer's testimony. *See In re L.N.*, No. 18-0033, 2018 WL 2194024, at \*4 (W. Va. May 14, 2018)(memorandum decision) (affirming "the circuit court's decision to adjudicate petitioner as an abusing parent based upon the testimony of the forensic interviewer" in lieu of requiring the child to testify).

Second, petitioner contends that the circuit court erred by permitting the forensic interviewer to render her opinion on the truthfulness of J.C.'s allegations against petitioner. To support his contention, petitioner cites to the following:

> Expert psychological testimony is permissible in cases involving incidents of child sexual abuse and an expert may state an opinion as to whether the child comports with the psychological and behavioral profile of a child sexual abuse victim, and may offer an opinion based on objective findings that the child has been sexually abused. Such an expert may not give an opinion as to whether he personally believes the child, nor an opinion as to whether the sexual assault was committed by the defendant, as these would improperly and prejudicially invade the province of the jury.

Syl. Pt. 7, *State v. Edward Charles L.*, 183 W. Va. 641, 644, 398 S.E.2d 123, 126 (1990).

---

[6]In addition to petitioner's two specific arguments regarding adjudication, which are addressed below, he also notes that A.J. was not born at the time of the abuse but makes no specific legal arguments and does not cite to any legal authority regarding this issue. Accordingly, we decline to address it here.

[7]The criminal matter concluded with petitioner pleading no contest to simple battery and being sentenced to probation.

We recently addressed a similar set of circumstances and affirmed the circuit court's adjudication and subsequent termination of parental rights. *In re M.J.*, No. 21-0591, 2022 WL 2135584 (W. Va. June 14, 2022)(memorandum decision). The petitioner in that case also argued that the circuit court improperly relied on a forensic interviewer's opinion that she "believed the evidence pointed to the child, [M.J.], being sexually abused." *Id.* at *3. She too cited to *Edward Charles L.*, but as we explained, petitioner misplaced her reliance on that case as the forensic interviewer's opinion did not "invade the province of the jury" because petitioner was not a criminal defendant in a jury trial. *Id.* As we explained, "[t]his Court expects a circuit court judge who conducts a bench trial to disregard any inadmissible evidence when rendering a decision." *Id.* In *In re M.J.*, as in the instant case, the court made factual findings recounting the forensic interviewer's testimony, including her statement regarding the credibility of the child, but did not make a specific finding showing reliance on the opinion when rendering its decision. *Id.* "Instead, the circuit court's findings indicate[d] that it relied on [the forensic interviewer's] expert opinion[] about the evidence showing that [the child] was sexually abused," and, as we further explained, the court did not err in giving that testimony greater weight. *Id.* Here too, the circuit court made extensive findings regarding Ms. Garcia-Palmer's testimony as a whole—though also noting her statement regarding the credibility of the child—and found that her "expert testimony . . . [was] credible and should be given great deference in weighing the evidence." The circuit court did not make a specific finding that it relied on Ms. Garcia-Palmer's opinion regarding J.C.'s credibility in rendering its decision. Instead, the court noted that its conclusions were based upon the entirety of the evidence presented at the dispositional hearing and the findings made at the adjudicatory hearing, including the testimony of multiple witnesses who corroborated the consistency and/or accuracy of J.C.'s statements regarding the sexual abuse and domestic violence. Accordingly, petitioner cannot be entitled to relief regarding his adjudication.

Next, we turn to petitioner's argument regarding termination. Specifically, petitioner argues that the circuit court erred in terminating his parental rights to B.J. and A.J. as termination was not in their best interests. Petitioner correctly cites to West Virginia Code § 49-4-604(c)(6), which allows for termination "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." Petitioner stresses, among other things, that he has a strong emotional bond with the children and has always provided for their physical and financial needs. However, petitioner completely ignores the fact that he was adjudicated for sexually abusing a child in the home and for engaging in domestic violence in the home. Even more importantly, petitioner continues to deny any wrongdoing whatsoever, thereby threatening the children's wellbeing by refusing to address the serious issues for which he was adjudicated. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ( "Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable."). Petitioner's argument on appeal that there is no evidence that "B.J. and A.J.'s health or welfare were threatened by permitting their father to parent them in some manner" only underscores his complete refusal to accept responsibility, as the circuit court was presented with ample evidence that petitioner's egregious conduct threatened the children. As such, the court did not err in finding there was no reasonable likelihood that petitioner could correct the conditions and that termination was necessary for the welfare of the children. Because the circuit court made the findings required for termination of petitioner's parental rights upon ample evidence, we find no error. *See* W. Va. Code

4

§ 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare).

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 27, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: March 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn